# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL VINCENT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.   ) | Case No. 4:16-CV-00364-RLW |
| ) | |
| JAY CASSADY, et al., ) | |
| ) | |
| Respondent. ) | |

## RESPONSE TO SHOW CAUSE ORDER

### Case Summary

Petitioner Michael Vincent alleges that he was sentenced to life without parole for a murder he committed while he was under age 18 and that his sentence is contrary to *Miller v. Alabama,* 132 S.Ct. 2455 (2012). The Missouri Supreme Court granted him relief by making him parole eligible on his murder sentence after serving 25 years' imprisonment, a remedy already approved by the United States Supreme Court. *See Montgomery v. Louisiana,* 136 S.Ct. 718, 736 (2016). Although Vincent wishes to challenge the Missouri Supreme Court's remedy in this petition, he has a rehearing motion pending in the Missouri Supreme Court challenging the remedy provided.

This Court should deny the petition. First, Vincent's claims are without merit under 28 U.S.C. §2254(d)(1) because he has already received adequate relief under existing United States Supreme Court precedent, and decisions

1

that comply with, but do not expand existing precedent as a matter of law are not contrary to or an unreasonable application of that precedent. Second, the claims raised are unexhausted because Vincent is pursuing relief in the Missouri Supreme Court through a rehearing motion. Third, this Court should decline jurisdiction under *Younger* abstention because Vincent has a pending case in the Missouri Supreme Court challenging his life without parole sentence.

## Statement of the parties and custody

Vincent resides at the Jefferson City Correctional Center in Jefferson City, Missouri to serve the sentences imposed by the St. Louis City Circuit Court and Madison County Circuit Court. Vincent challenges his St. Louis City conviction in this action. Vincent was convicted of first-degree murder and armed criminal action. The St. Louis City Circuit Court sentenced him to concurrent sentences of life without parole for murder and 99 years' imprisonment for armed criminal action. Warden Jay Cassady is the proper respondent. 28 U.S.C. §2254, Rule 2(a).

## Statement of Exhibits

1. Respondent's Exhibit A is a copy of the docket entries from Missouri court's electronic filing system from Vincent's state habeas corpus action.

2. Respondent's Exhibit B is a copy of Vincent's motion for rehearing.

3. Respondent's Exhibit C is a copy of Vincent's motion for leave to file supplemental suggestions in support of his motion for rehearing and exhibit.

## ANALYSIS

**I. The petition is not successive or untimely, and the claims are not procedurally barred.**

Vincent did not seek prior federal habeas relief following his exhaustion of his direct and post-conviction appeals. The one-year statute of limitations on a *Miller* claim most likely started to run on June 25, 2012, when the United States Supreme Court decided *Miller v. Alabama*. *See* 28 U.S.C. §2244(d)(1)(c). Vincent filed his state habeas petition in the Missouri Supreme Court on June 23, 2013, 363 days later. (Resp. Ex. A). That case is still pending. (Resp. Ex. A). Even if this Court determines that the Missouri Supreme Court's ruling on his *Miller* claim is the ruling that Vincent must ultimately challenge, one-year has not passed since the Missouri Supreme Court's March 15, 2016 order granting Vincent relief, and in any event, Vincent is still challenging that ruling and that case is still pending. Thus, Vincent's first petition is most likely timely.

3

The Missouri Supreme Court reviewed Vincent's *Miller* claim on the merits and granted relief, although he is still challenging the scope of the relief. The merits ruling is strong evidence that there is no independent and adequate state-law reason that procedurally bars merits review of Vincent's claim.

II. **Vincent's claims fail under 28 U.S.C. §2254(d)(1) because he seeks an expansion of existing United States Supreme Court precedent, and as a matter of law failure to expand Supreme Court precedent is not contrary to or an unreasonable application of that precedent.**

The Missouri Supreme Court addressed the merits of Vincent's *Miller* claim and granted relief, making Vincent parole eligible on his life sentence after he has served 25 years. (Doc. 1–6). That is a merits decision by the Missouri Supreme Court that is entitled to deference under 28 U.S.C. §2254(d)(1). As the Missouri Supreme Court noted in its decision, the United States Supreme Court in *Montgomery v. Louisiana* cited with approval the remedy of making a murderer, who committed his crime while under 18, eligible for parole consideration after serving 25 years. *Montgomery*, 136 S.Ct. at 736. (*Id.*).

Recently, the United States Supreme Court explicitly rejected the idea that a state court's failure to *extend* Supreme Court precedent is contrary to or an unreasonable interpretation or application of clearly established Supreme Court precedent under 28 U.S.C. §2254(d). *White v. Woodall,* 134

4

S.C.t 1697, 1706 (2014). As the Court recognized, "Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably *applies* this Court's precedent; it does not require state courts to *extend* that precedent or license federal courts to treat the failure to do so as error." *Id.* (emphasis in the original). "Thus, 'if a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not 'clearly established at the time of the state-court decision.'" *Id.* (quotation omitted). Thus, the Missouri Supreme Court's decision, which is consistent with *Miller*, and which provides a remedy approved in *Montgomery*, must be left undisturbed under 28 U.S.C.§2254(d).

### III. Vincent's claims are unexhausted because he is currently litigating variations of his claims in a habeas corpus action in the Missouri Supreme Court.

Federal statutory law forbids this Court to grant relief on a habeas claim that has not been exhausted in state court where there is an available state court process to present the claim. 28 U.S.C. §2254(b)(1). However, this Court may deny an unexhausted claim on the merits. 28 U.S.C. §2254(b)(2).

Vincent's claims are unexhausted. Despite the fact that the Missouri Supreme Court has already granted him constitutionally adequate relief, he continues to litigate the sufficiency of that relief in the Missouri Supreme Court. (Resp. Exs. A, B, C). Although Vincent's claims are unexhausted, this Court may wish to issue a merits denial because he has already received

5

constitutionally adequate relief and therefore, his claims fail under 28 U.S.C. §2254(d)(1).

## IV. This Court may decline jurisdiction at this time under the doctrine of *Younger* abstention because Vincent is litigating his claims in the Missouri Supreme Court.

"The *Younger* abstention doctrine, as it has evolved, provides that federal courts should abstain from exercising jurisdiction when (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding." *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010) citing to *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982).

Here, there is an ongoing state proceeding. The State has an important interest in sorting out a uniform remedy for *Miller* violations. And Vincent can raise and has raised his federal complaints in the Missouri Supreme Court. Because *Younger* abstention is appropriate, this Court may choose to exercise its discretion and dismiss the action based on the continuing state court litigation. *See Geier v. Missouri Ethics Com'n,* 715 F.3d 674, 678 (8th Cir. 2013) ("Where *Younger* abstention is otherwise appropriate, the district court generally must dismiss the action, not stay it pending final resolution of the state-court proceedings.")

## CONCLUSION

6

This Court should deny the petition.

             Respectfully submitted,

             **CHRIS KOSTER**
             Attorney General

             */s/ Caroline M. Coulter*
             CAROLINE M. COULTER
             Assistant Attorney General
             Missouri Bar No. 60044
             P. O. Box 899
             Jefferson City, MO 65102
             (573) 751-1508
             (573) 751-3825 fax
             caroline.coulter@ago.mo.gov
             Attorney for Respondent

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing was electronically filed by using the CM/ECF system on this 1st day of July, 2016. Counsel for petitioner is also an electronic filer; therefore counsel for petitioner will receive service on this date through the CM/ECF system.

             */s/Caroline M. Coulter*
             CAROLINE M. COULTER
             Assistant Attorney General